**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Timothy R. Wirtz, Appellant.

Appellate Case No. 2013-002328

———————

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-260
Submitted February 1, 2015 – Filed May 20, 2015

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent.

———————

**PER CURIAM:** Timothy R. Wirtz appeals his convictions for grand larceny, kidnapping, first-degree burglary, armed robbery, and possession of a weapon

during the commission of a violent crime. Wirtz argues the trial court erred by admitting his statements to police because they were involuntary. He also asserts the trial court erred by admitting an audio recording of telephone calls he made on the night of his arrest. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the statements: *State v. Myers*, 359 S.C. 40, 47, 596 S.E.2d 488, 492 (2004) ("On appeal, the trial [court]'s ruling as to the voluntariness of [a] confession will not be disturbed unless so erroneous as to constitute an abuse of discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("When seeking to introduce a confession, the State must prove that the statement was voluntary . . . ."); *id*. ("The test of voluntariness is whether a defendant's will was overborne by the circumstances surrounding the giving of a confession.").

2. As to the recordings: *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *id*. ("We review a trial court's decision regarding Rule 403[, SCRE,] pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment."); *id*. ("All relevant evidence is admissible."); *id*. ("Under Rule 401, SCRE, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy."); *State v. Cooley*, 342 S.C. 63, 69, 536 S.E.2d 666, 669 (2000) ("However, although evidence is relevant, it should be excluded where the danger of unfair prejudice substantially outweighs its probative value."); *State v. Dickerson*, 341 S.C. 391, 400, 535 S.E.2d 119, 123 (2000) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.